UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julian E. Rochester, # 171519, | ) C/A No. 6:12-1281-RBH-KFM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| D. McCall, *Warden of Perry Correctional Institution*, | ) |
| Respondent. | ) |

## *Background of this Case*

Petitioner is an inmate at the Perry Correctional Institution. Prior to his current placement at the Perry Correctional Institution, Petitioner was confined at the Gilliam Psychiatric Hospital on the grounds of the Kirkland Correctional Institution. Petitioner is under an Order of Pre-Filing review. *See Graham v. Riddle*, 554 F.2d 133, 134–35 (4th Cir. 1977); and Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

Petitioner, on October 18, 1990, in the Court of General Sessions for Oconee County, was convicted, pursuant to a jury's verdicts, of first-degree criminal sexual conduct with a minor, second-degree criminal sexual conduct with a minor, and assault and battery of a high and aggravated nature. He received an "active" sentence of 50 years. The inmate inquiry database on the South Carolina Department of Corrections website (https://sword.doc.state.sc.us/scdc-public/, last visited on May 17, 2012) indicates that

Petitioner will be eligible for parole on January 5, 2013, but his projected release date is January 11, 2023. Petitioner will be required to register as a sex offender upon release.

In *Julian Edward Rochester v. SCDC and Attorney General Charles Condon*, Civil Action No. 2:98-0146-21AJ, Petitioner on January 22, 1998, brought a habeas corpus action concerning his 1990 convictions. The Honorable Robert S. Carr, United States Magistrate Judge, on January 23, 1998, authorized service of the § 2254 petition and directed the respondents to file a return. The respondents filed a return and a motion for summary judgment. On March 10, 1998, Magistrate Judge Carr apprised Petitioner of dispositive motion procedure, as required by the holding in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (district court must advise a *pro se* litigant confronted by a dispositive motion from an adverse party of his or her right to file counter-affidavits or other responsive material, and be alerted to the fact that his or her failure to so respond might result in the entry of summary judgment against him or her). Petitioner on March 16, 1998, and on March 20, 1998, responded to the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 2:98-0146-21AJ on March 23, 1998, Magistrate Judge Carr recommended that the respondents' motion for summary judgment be granted. The parties in Civil Action No. 2:98-0146-21AJ were apprised of their right to file timely written objections and of the serious consequences of a failure to do so. Petitioner filed objections and two amended objections to the Report and Recommendation. On April 10, 1998, The Honorable William B, Traxler, (then) United States District Judge, granted the respondents' motion for summary judgment. The Clerk of Court entered the judgment in Civil Action No. 2:98-0146-21AJ on April 13, 1998.

Petitioner filed an appeal in Civil Action No. 2:98-0146-21AJ (Fourth Circuit Docket No. 98-6613). On September 17, 1998, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal, and the Supreme Court of the United States subsequently denied Petitioner's petition for writ of certiorari. *Rochester v. South Carolina Dep't of Corr.*, No. 98-6613, 161 F.3d 3 [Table], 1998 WL 647150 (4th Cir. Sept. 17, 1998), *cert. denied*, 525 U.S. 1080 (1999).

### *The Petition*

Petitioner has styled the Petition in the above-captioned case as a "Maxed Out Writ." In other words, Petitioner contends that he is being held after the expiration of his 50-year sentence.

Exhibits appended to the Petition reveal that Petitioner has not been able to present his claims to courts of the State of South Carolina because he is under various types of pre-filing injunctions. For example, the Circuit Courts in the Tenth Judicial Circuit have directed the Clerk of Court for Anderson County and the Clerk of Court for Oconee County not to file any pleadings submitted by Petitioner unless authorized by the Presiding Administrative Judge (ECF No. 1-1, at pages 6–10).

### *Discussion*

Insofar as Petitioner is seeking federal habeas corpus relief with respect to the alleged expiration of his state sentences, he must first exhaust his state court remedies. *Timms v. Johns*, 627 F.3d 525, 530–33 (4th Cir. 2010) (Section 2241 case). Moreover, with respect to any Section 2254 claims, Petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition. *See* Rule

9 of the Rules Governing Section 2254 Cases; and *In re: Williams*, 330 F.3d 277, 281–84 (4th Cir. 2003).

Petitioner's inability to exhaust his state court remedies is a result of his filing frivolous pleadings with various state and federal courts. He is in a predicament of his own making. *Cf. Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143, 145 (4th Cir. 1990) (prisoner's inability to exhaust state remedies in courts of Maryland was a consequence of his escape from Maryland and subsequent conviction and incarceration in Florida). Although exhaustion of state court remedies is not a constitutional requirement, *see Pitchess v. Davis*, 421 U.S. 482, 490 (1975), and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."), Petitioner has not shown the special circumstances required to dispense with the exhaustion requirement for his Section 2241 claims. *See* the Order of the Honorable Timothy M. Cain, United States District Judge, in *Bennett v. South Carolina*, Civil Action No. 8:11-3811-TMC, 2012 WL 716638, at *2 (D.S.C. March 6, 2012) (quoting *Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition")).

The United States Court of Appeals for the Fourth Circuit has imposed its own pre-filing injunction upon Petitioner. *See In Re Rochester*, Nos. 11-1931 and 11-7088, 2012 WL 764443, at *2 (4th Cir. March 12, 2012):

> On December 20, 2011, we deferred action on Rochester's pending motions to proceed without prepayment of fees and

4

> directed him to show cause why he should not be sanctioned for filing frivolous appeals, petitions, and motions and why he should not be enjoined from filing further appeals, petitions and motions in this court until such sanctions are paid and a district court judge or this court finds that the appeal, petition, or motion is not frivolous. *See* Fed. R.App. P. 38 (permitting sanctions after notice and an opportunity to respond). Rochester did not respond to our order.
>
> In light of Rochester's utter disregard for the limited resources of this court, we order him to pay sanctions in the amount of $500, payable to the clerk of this court, as we have done in similar cases. *See In re Vincent*, 105 F.3d 943, 945 (4th Cir.1997). We also enjoin Rochester from filing any civil appeal, petition, or motion in this court unless: (i) the sanctions are fully paid; and (ii) a district or circuit judge has certified that the appeal, petition, or motion is not frivolous. Any filing that does not meet these requirements will not be placed on the court's docket.

*In Re Rochester*, 2012 WL 764443, at *2.

Documents submitted by Petitioner as exhibits in one of his pending cases, *Rochester v. DeGeorgis*, Civil Action No. 6:11-3221-RBH-KFM (ECF No. 38, at page 4), indicate that the Supreme Court of the United States on October 3, 2011, also placed Petitioner under its own type of pre-filing injunction. *See Rochester v. South Carolina*, 132 S.Ct. 376 (2011) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1."). In light of the impositions of pre-filing injunctions by the United States Court of Appeals for the Fourth Circuit and the Supreme Court of the United States, there is no basis to excuse Petitioner's inability to exhaust his state court remedies because of a pre-filing injunction imposed by a state court.

5

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that a district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

## *Recommendation*

Accordingly, it is recommended that the § 2241 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."), which may be applied to Section 2241 cases under Rule 1(b). It is also recommended that the District Court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

May 22, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).