IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Julian E. Rochester, # 171519, | ) | Civil Action No.: 6:12-cv-1281-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| D. McCall, *Warden of Perry Correctional Institution*, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). Petitioner is under an Order of Pre-Filing Review from this Court. *See Graham v. Riddle*, 554 F.2d 133, 134-135 (4th Cir. 1977); and Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Doc. # 6, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., then-United States District Judge.

Petitioner has styled the Petition in the above-captioned case as a "Maxed Out Writ." In other words, Petitioner contends that he is being held after the expiration of his 50-year sentence.[1]

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Kevin F. McDonald.[2] [R&R, Doc. # 9.] In the R&R, the magistrate recommends that the Court dismiss the above-captioned case *without prejudice* and without requiring Respondent to file an Answer or Return. [*See* R&R, Doc. # 9.] Petitioner did not file objections to the R&R, though he did file a "Motion for Writ" prior to the deadline for filing

---

[1] It appears that Petitioner may have attempted to invoke habeas relief. Accordingly, out of an abundance of caution this Court has ruled on a Certificate of Appealability.

[2] In accordance with 28 U.S.C. § 636 and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge McDonald for pretrial handling.

objections. [*See* Motion for Writ, Doc. # 12.]

## **Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## **Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give

2

any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Although Petitioner has filed no objections, this Court has reviewed the Motion for Writ he made prior to the expiration of the deadline for filing objections. In addition to not being styled as an objection, this filing merely makes fleeting references to the R&R, argues that Magistrate Judge McDonald and the Undersigned should be removed from this action,[3] lodges various crude and personal attacks against state and federal judges involved in his previous cases, and appears to rehash substantive arguments that were already appropriately addressed by the magistrate in the first instance. [*See* Motion for Writ, Doc. # 12, at 1–8.]

In light of Petitioner's failure to assert any specific objections to the Report and Recommendation, this Court is not required to respond to his general statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)); *see also Hemingway v. Speights*, No. 3:08–cv–00849, 2009 WL 302319, at *2 (D.S.C. Feb. 6, 2009) (noting that "[a]llowing parties, including *pro se* litigants, to raise new issues or arguments at any point in the life of a case will simply result in a needless multiplication of litigation).

Nonetheless, out of an abundance of caution, this Court notes that Petitioner's action is wholly without merit and appears to be little more than attempt to frustrate the Court. As the magistrate correctly noted, Petitioner has failed to exhaust his South Carolina state court remedies because, due to his own frivolous filings in state court, he is under various types of pre-filing

---

[3] In a previous order, this Court has addressed Petitioner's attacks regarding the judges assigned to his cases. *See* Order Modifying Pre-Filing Review, Doc. #21, *Rochester v. M.V. Laubshire et al.*, No. 6:12-cv-00236 (July 10, 2012).

injunctions. [R&R, Doc. # 9, at 3.] As the magistrate held, Petitioner has not shown any special circumstances required to dispense with the exhaustion requirement under habeas. In fact, it is nothing short of burdensome to this Court for Petitioner to file arguments that various state courts have found so frivolous that Petitioner has been barred from future litigation in those forums absent certain payments. "[Petitioner] is in a predicament of his own making." [*Id*. at 4.]

In addition to Petitioner's wholly inappropriate filing in the instant matter, Petitioner also has a history of bringing frivolous actions in this and other courts.[4] *See* Magistrate's R&R, Doc. # 8, at 1–5, *Rochester v. M.V. Laubshire et al.*, No. 6:12-cv-00236 (Feb. 1, 2012) (highlighting Petitioner's numerous frivolous filings). Due to his frivolous filings, the U.S. Court of Appeals for the Fourth Circuit has barred Petitioner from making any filings there until he pays a $500 sanction. *In Re Rochester*, Nos. 11-1931 and 11-7088, 2012 WL 764443, at *2 (4th Cir. March 12, 2012). On October 3, 2011, the Supreme Court of the United States also placed Plaintiff under its own type of pre-filing injunction. *See Rochester v. South Carolina*, 181 L.Ed.2d 5, 132 S.Ct. 376 (2011) (noting that Petitioner "has repeatedly abused this Court's process"). Given Petitioner's vexatious, frivolous, and abusive filings, the Court admonishes Petitioner that any further habeas petitions which are successive or frivolous will result in the imposition of sanctions, including a fine or an order barring him from filing any more habeas petitions without prior written permission from the Court. *See, e.g., Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986) (sanctioning petitioner based on a finding that he had abused his right of access to the court by filing suits which are nonsensical and

---

[4] This Court notes that in a recent matter involving mandamus, this Court has discussed Petitioner's abusive filing practice. In that case, Petitioner filed a number of crude and sexually explicit drawings in lieu of legal arguments. *See* Motion for Writ, Doc. # 16, at 1–4 (available to Court users only), *Rochester v. John Roberts, Chief Justice of Supreme Court of the United States, et al.*, No. 6:12-cv-0586 (July 10, 2012).

4

misleading); *Newsome v. Thaler*, No. 2:10–CV–0242, 2010 WL 5211477, at *3 (N.D. Tex. Dec. 15, 2010) (barring petitioner from filing any future habeas action without seeking permission of the court).

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

**Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, "objections" to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's "objections" and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Petitioner's supposed objections and adopts the magistrate's R&R.

**IT IS THEREFORE ORDERED** that the above-captioned case is DISMISSED without prejudice and without requiring Respondent to file an Answer or Return.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the

Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS FURTHER ORDERED** that should Petitioner file any further habeas petitions which are successive or frivolous, he could face sanctions, including a fine or an order barring him from filing any more habeas petitions without prior written permission from the Court.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 10, 2012